Jacquetta NACOSTE–HARRIS,
Plaintiff–Appellant,

v.

Nancy A. BERRYHILL, Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 16–35022

United States Court of Appeals,
Ninth Circuit.

Submitted October 4, 2017 *

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Jacquetta Nacoste–Harris, Portland, OR, pro se.

Martha A. Boden, Special Assistant U.S., Social Security Administration Office of the General Counsel, Seattle, WA, Janice Elaine Hebert, Assistant U.S., DOJ–USAO, Portland, OR, for Defendant–Appellee.

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Jacquetta Nacoste–Harris appeals pro se the district court's decision affirming the Commissioner of Social Security's denial of Nacoste–Harris's application for supplemental security income under Title XVI of the Social Security Act. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

■ Nacoste–Harris contends that the administrative law judge ("ALJ") discrimi-

nated against her because she is a former addict and was using marijuana at the time of her hearing. We disagree. The ALJ did not deny Nacoste–Harris's claim on the basis of her past or present drug use. Rather, the ALJ found that Nacoste–Harris's "history of crack cocaine dependence and current marijuana abuse is not a material factor in this decision." As a result, Nacoste–Harris's allegations do not show that the ALJ's behavior reflected a clear inability to render fair judgment, and they are not sufficient to rebut the presumption that an ALJ is unbiased. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005).

■ Construing Nacoste–Harris's pleadings liberally, *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016), she contends that the ALJ discounted her testimony about the severity of her symptoms because she is a former addict. The ALJ did not mention Nacoste–Harris's former cocaine use or her current marijuana use as a basis for finding her symptom testimony less than fully credible. The ALJ did, however, consider Nacoste–Harris's drug use in formulating her residual functional capacity ("RFC"), and the ALJ included in the RFC greater limitations, in part, to accommodate Nacoste–Harris's drug use. This was not only permissible, but required. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" (quoting SSR 96-8p, 1996 WL 374184, at *5)). Because the ALJ's inclusion of additional RFC limita-

---

** The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

tions benefits, rather than prejudices, Na-coste–Harris, any error in discussing her drug use is harmless. *Cf. Johnson v. Sha-lala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (finding harmless an ALJ's "overinclusion" of limiting factors in the hypothetical posed to a vocational expert because it benefitted the claimant).

■ Finally, Nacoste–Harris attached additional evidence to her opening brief. Remand under 42 U.S.C. § 405(g) is not appropriate because Nacoste–Harris has not shown a reasonable possibility of a different outcome if the evidence had been presented to and considered by the agency. *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1381 (9th Cir. 1984). Four of the pages of Nacoste–Harris's new evidence document her substance abuse treatment in 2007, and her subsequent abstinence from cocaine. As discussed above, the ALJ acknowledged Nacoste–Harris's continued abstinence from cocaine use and concluded that her drug use was immaterial to the non-disability determination. The other two pages of new evidence are a report from a September 2015 MRI of Nacoste–Harris's cervical spine. Although "reports containing observations made after the period for disability are relevant to assess the claimant's disability," *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988), Nacoste–Harris offers no argument for how this new report, which post-dates the ALJ's decision by nearly two years, is material to the ALJ's determination. As a result, Nacoste–Harris has not carried her burden of demonstrating materiality. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

AFFIRMED.